UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-397-KSF

MARSHALL NEWSOME                                                                         PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                              DEFENDANT

Plaintiff Marshall Newsome lists his address as 2149 Blayton Lane, S. E., Atlanta, Georgia, 30315. Newsome has filed a *pro se* civil complaint asserting claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. The plaintiff has paid the $350.00 filing fee [Record No. 4].

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

*Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

CLAIMS ASSERTED

The named defendant is the United States of America. The plaintiff asserts jurisdiction

under the FTCA. The plaintiff alleges that the federal officials (employees of a federal prison where he was previously confined): (a) denied him due process of law and (b) subjected him to cruel and unusual punishment. Respectively, these claims would implicate the Fifth Amendment of the United States Constitution, which guarantees due process of law, and the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment

## RELIEF REQUESTED

The plaintiff seeks $55,000,000.00 in actual damages. He also seeks unspecified punitive damages. [Record No. 2, p.4].

## ALLEGATIONS OF THE COMPLAINT
### 1. Plaintiff's Factual Assertions

The plaintiff is not incarcerated. His claims arise from events which occurred when he was previously, and recently, confined in the Federal Medical Center located in Lexington, Kentucky ("FMC-Lexington").[1]

Plaintiff states that on June 28, 2006 he became involved in an argument with "Mr. Coleman," whom he identifies as his Unit Manager at FMC-Lexington. He claims that Coleman was trying to force him (plaintiff) to make payments toward the Mandatory Victims Restitution Act ("MVRA"). Plaintiff alleges that the following events transpired when he (plaintiff) objected and refused to make the MVRA payments:

> 13. When I told them I couldn't comply to their commands for no reason Mr. Childress threaten to take me to the Lieutenant's office and proceeded to do so.

---

[1] Review of the Bureau of Prisons ("BOP") website, www.bop.gov, reveals that the plaintiff was released from BOP custody on November 26, 2007. He filed this action four days later, on November 30, 2007.

> 14. For no reason the Lieutenant upheld their conspiracy charging me with insolence, which was later dismissed.[2]

[Record No. 2, p.2].

Plaintiff then alleges that as he was leaving the Lieutenant's office, he passed out. The plaintiff attributes that event to the fact that he suffers from several medical conditions which he states include but are not limited to diabetes, hypertension, and chronic kidney disease. *Id*. Plaintiff states that after he was administered emergency medical treatment from 12 p.m. to 6 p.m., he was immediately escorted to the Segregated Housing Unit ("SHU") [*Id*., pp. 2-3].

Plaintiff alleges that once confined in SHU, another inmate assaulted him [*Id*., p.3]. The plaintiff states that although he was again afforded medical treatment at the clinic, he was quickly returned to the SHU [*Id*]. Plaintiff alleges that despite his requests to obtain a copy of the incident report concerning the alleged assault on him in the SHU, Lieutenant Duron informed him (plaintiff) that no Incident Report would be forthcoming to the plaintiff.

According to the plaintiff, the "defendants" deliberately placed him in the SHU so that he would be assaulted by the inmate [*Id*.].[3] Plaintiff contends that the "defendants" furthered the "conspiracy" against him by refusing to produce the Incident Report of the assault [*Id*.].

Plaintiff describes the actions of the "defendants and their agents" as follows:

---

[2] The plaintiff's assertion that the Insolence disciplinary charge against him was later dismissed appears to be disputed by another document he filed, being the United States' response to his FTCA claim. The plaintiff filed the United States' FTCA response as an attachment to his complaint [*See* Record No. 2-2, pp. 2-3]. This response is discussed *infra*.

[3] Plaintiff frequently referred to "defendants" in the plural, although he named only one defendant, the United States of America.

3

> "The above alleged acts of Defendants and their agents constitutes an abuse of process and authority by attempting to make the Plaintiff comply with the [MVRA] in which authority can not be delegated to the BOP, and also being placed in segregation on trumped up charges that never existed."

[*Id*.].

The plaintiff alleges that as a result of the assault, he has experienced migraine headaches, insomnia, and nightmares. He also states that he lives in constant fear of being attacked.[4]

### 2. United States' FTCA Response

The plaintiff filed a claim under the FTCA on or about February 8, 2007, but he did not attach his Claim Form to the instant complaint. He did attach the United States' July 30, 2007 response to that claim, identified as #TRT-MXR-2007-02680 [Record No. 2-2, pp. 2-3]. In the Response, the government described the plaintiff's claim in the following terms:

> You claim staff at [FMC-Lexington] improperly placed you in the Special Housing Unit, (SHU), improperly issued you an incident report, and failed to intervene in an assault in SHU. You claim government liability in the amount of $55,000,000.00

[*Id*.].

The United States then denied the plaintiff's claim for $55,000,000.00. The United States gave the following reasons:

> An investigation of your claim reveals that you were issued an incident report on June 28, 2006, as a result of a verbal altercation during your Unit Team meeting. Your incident report was heard by the Disciplinary hearing officer on July 20, 2006, and you were found to be in violation of Code 312, insolence. **You were advised by the DHO that you had twenty days to appeal the incident report and DHO hearing via the [BOP] Administrative Remedy Program located at 28 C.F.R. 542.10 et seq.** There is no evidence of any negligence in the

---

[4] The Court again notes that Plaintiff Newsome is no longer in custody.

4

>disciplinary process for your incident report. All challenges to your incident report should have been filed as an administrative remedy. You were released from SHU on August 2, 2006.

[Record No. 2-2, pp.2] (emphasis added).

The United States then addressed the events of June 28, 2006. The United States agreed that the plaintiff suffered an episode of high blood pressure on that date. The United States explained that after receiving immediate and proper medical attention which included medication, the plaintiff was released from the Central Clinic after three hours of observation. The United States denied that its agents were responsible for any acts of negligence on June 28, 2006 [*Id.*, p.3].

The United States next denied the plaintiff's allegation that he had been assaulted by another inmate on June 28, 2006, while confined in SHU. According to the United States, the plaintiff was placed in SHU at 7:15 a.m. on June 6, 2006. The United States provides the following narrative as to subsequent events on that date (June 6, 2006):

>". . . an Inmate Injury Assessment was completed due to a report of an altercation between you and your cellmate . The medical examination revealed negative results for injuries and you stated to medical staff no altercation occurred. You were released from SHU on June 13, 2006. There is no evidence to support an allegation of negligence concerning this incident."

[*Id.*].

## DISCUSSION
### 1. Analysis of Claims

The plaintiff has invoked the jurisdiction of the FTCA. Federal Rule of Civil Procedure 8(f) states that "All pleadings shall be so construed as to do justice." This rule directs courts to construe pleadings liberally within the standards of the notice-pleading regime mandated by the

5

Federal Rules of Civil Procedure. *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001).

As the Sixth Circuit has stated, "the fundamental tenor of the Rules is one of liberality rather than technicality, and it creates an important context within which we decide cases under the modern Federal Rules of Civil Procedure." *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000). Therefore, the Rules require that a court not rely solely on labels in a complaint, but that it instead probe deeper and examine the substance of the complaint. The Sixth Circuit has made clear that "the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states." *United States v. Louisville & Nashville R. Co.*, 221 F.2d 698, 701 (6th Cir. 1955).

Careful examination of Newsome's complaint reveals that Newsome actually alleges that the "defendants" committed constitutional torts against him. Specifically, the plaintiff alleges that the defendants: (1) "conspired" to place him on SHU on June 28, 2006 for the express purpose of causing him to be assaulted by another inmate, and (2) "covered up" the alleged "conspiracy" by refusing to produce the Incident Report concerning his assault at the hands of another inmate. He also alleges that the defendants' actions were "deliberate."[*Id.*].

In sum, the plaintiff claims that the disciplinary charge filed against him, and the resulting sanction imposed (confinement in SHU), was a sham process intentionally engineered to deny him due process of law and to subject him to a physical injury by another inmate. If taken as true, the claim challenging the process and outcome of his disciplinary conviction, and resulting sanction, would qualify as a violation of the Fifth Amendment of the United States Constitution, which guarantees due process of law.

If taken as true, the plaintiff's claim that prison officials placed him in SHU for the sole purpose of subjecting him to physical injury would qualify as a violation of the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment. Undeniably, these claims allege the *intentional* commission of *constitutional* torts.

## 2. FTCA Law Applied to Claims

Having determined that the plaintiff raises constitutional torts in his complaint, not actions of negligence, the Court will apply FTCA law to the asserted claims.

The United States may be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment under the FTCA. Specifically, 28 U.S.C. § 1346(b) grants federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity.

Victims of purposeful wrongdoing committed by federal officials can bring certain intentional tort claims under the FTCA, but constitutional tort claims must be asserted under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971);[5] 28 U.S.C. § 1346; *Washington v. Drug Enforcement Admin*, 183 F.3d 868 (8th Cir. 1999).

In *Bivens*, the Supreme Court created a private right of action for damages against federal officers who are alleged to have violated a citizen's constitutional rights. *Bivens*, 403 U.S. 388; *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66, 122 S.Ct. 515, 519 (2001). *Bivens*

---

[5] Under *Bivens*, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of *federal* law. *Bivens*, 403 U.S. at 397

involved Fourth Amendment rights, but its principle was extended to the Eighth Amendment in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468 (1998).

The *Bivens* doctrine was extended to promote a right of action against individual prison officials when the only alternative was an FTCA claim against the United States, which the Supreme Court believed was insufficient to deter unconstitutional acts by individuals. *Carlson*, 446 U.S. at 14; *Correctional Services Corp.*, 534 U.S. at 67-68, 122 S.Ct. at 520.

In *Carlson*, the Supreme Court held that FTCA and *Bivens* actions are "complementary," rather than integrated causes of action. *See Carlson*, 446 U.S. at 20-21. In *Washington*, 183 F.3d at 873-74, the Eighth Circuit interpreted *Carlson* as meaning that a claimant is not permitted to bring a constitutional tort cause of action under the FTCA.

The *Washington* holding instructs that while some acts of intentional wrongdoing can be brought under the FTCA, claims asserting *constitutional* tort claims cannot be brought under the FTCA. The court explained that "...victims of purposeful wrongdoing on the part of federal law enforcement officers can bring specified intentional tort claims under the FTCA and constitutional tort claims under *Bivens v. Six Unknown Agents*... *See Carlson v. Green*; *see also FDIC v. Meyer* . . . . "*Washington*,183 F.3d 868 at 873 (citations omitted).[6]

---

[6]

The Eighth Circuit gives teeth to the argument that even under the framework of *Carlson v. Green*, claims alleging constitutional violations can only be asserted under *Bivens*, not the FTCA.

"In fact, this conclusion is actually supported by the text of the 1974 amendment [to the FTCA]. Congress included an exclusion for intentional torts such as assault, battery, and abuse of process in the original version of the act. *See* Federal Tort Claims Act § 421 (1946). However, in 1974 Congress amended this section to provide that "investigative or law enforcement 874 officers" can be held liable for

(continued...)

In the instant proceeding, the Court determines that the plaintiff alleges that FMC-Lexington employees intentionally committed constitutional torts. The case law is clear that claims alleging *intentional* violations of one's constitutional rights must be asserted under *Bivens*, not the FTCA. *Carlson*, 446 U.S. at 20-21; *FDIC v. Meyer*, 510 U.S. 471, 487 (1994); *Washington*, 183 F.3d at 873-74.

Thus, the Court concludes that under *Apple v. Glenn*, the complaint [Record No. 2] fails to state a valid claim under the FTCA.[7] For this reason, the Court will dismiss the claims asserted in the complaint.

### 3. Collateral Challenge to Disciplinary Action

A secondary consideration applies here. The plaintiff alleges that the Insolence disciplinary charge against him "was later dismissed." [Record No. 2, p.2]. The Response to the

---

[6](...continued)
"assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U.S.C. § 2680(h). The amendment abrogated the government's sovereign immunity under the FTCA only with respect to those enumerated torts, not constitutional ones. *See id.*; *see also Primeaux v. United States*, 181 F.3d 876, 884-85 (8th Cir.1999) (en banc) (Lay., J., dissenting). Therefore, constitutional tort claims are not cognizable under the FTCA."

*Washington*, 183 F.3d at 873 -874.

[7] As the United States notes in its Response to the FTCA claim, the plaintiff would have been required to fully exhaust his *Bivens* constitutional claims under the Administrative Remedy Program, 28 C.F.R. §§ 542.13-15. While the plaintiff has attached a document entitled "Central Office Administrative Remedy Appeal" dated February 27, 2007 [Record No. 2-2, p.1], this "appeal" lacks indicia of reliability. It is not on the BOP's approved appeal form; there is no indication that the previous administrative steps were undertaken; and there is no response from the BOP Central office concerning this "appeal."

9

FTCA claim disputes that allegation. The United States asserts that "Your incident report was heard by the Disciplinary Hearing Officer on July 20, 2006, and you were found to be in violation of Code 312, insolence. **You were advised by the DHO that you had twenty days to appeal the incident report and DHO hearing via the [BOP] Administrative Remedy Program located at 28 C.F.R. 542.10 et seq**." [Record No. 2-2, p.2, (emphasis added)].

According to the United States, the "Insolence" disciplinary conviction was neither dismissed nor appealed. If that is the case, the disciplinary conviction still stands. Lacking any documentary evidence from the plaintiff that the disciplinary charge was dismissed, the Court must conclude that it was *not* dismissed and that it remains a valid adjudication. Since it appears to be a disciplinary conviction which has not been reversed, the plaintiff has not obtained a "favorable termination" of the conviction.

The Supreme Court of the United States has explained that:

> **In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.** A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (Emphasis Added). This has been called the "favorable termination rule."

10

Accordingly, the plaintiff cannot challenge the disciplinary conviction through a *Bivens* civil rights action because he has not satisfied the criteria of the "favorable termination" rule. Neither is the plaintiff permitted to challenge his conviction through a civil action which he has incorrectly labeled as an FTCA, but which in reality is a *Bivens* civil rights action.

In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Supreme Court was faced with a procedural challenge to a disciplinary proceeding wherein the prisoner lost good time credits. The Court held that *Heck* barred the Plaintiff's due process claims, which would necessarily imply the invalidity of the loss of good-time credits, until and unless the prison disciplinary conviction was reversed. *Id.* at 646. The United States Court of Appeals for the Sixth Circuit has extended *Heck* to bar *Bivens* actions. *Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir.2003).

Clearly, an adjudication in the plaintiff's favor here would implicate the validity of his July 20, 2006, prison disciplinary conviction. Plaintiff Newsome cannot challenge the disciplinary conviction in a *Bivens* action because it appears that his disciplinary conviction has not been reversed. *See Edwards,* 520 U.S. at 646. Dismissal of this action is not only consistent with rulings by the High Court in *Heck* and *Edwards*, but also consistent with the application of *Heck* and *Edwards* to *Bivens* actions, in Sixth Circuit jurisprudence. *See Hinton v. United States*, 91 Fed. Appx. 491 (6th Cir. 2004) (unpublished); and *Johnston v. Sanders*, 86 Fed. Appx. 909 (6th Cir. 2004) (unpublished).

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)     The plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

11

(2)     This action [07-CV-397-KSF] is **DISMISSED** from the docket of the Court.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the United States of America, the named defendant.

This February 28, 2008.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge